# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:11-cr-00194-8 |
| JERMAINE JACKSON, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Jermaine Jackson has filed a *pro se* Motion for Compassionate Release (Doc. No. 2225)[1], which the Government opposes. (Doc. No. 2240). A court may grant an inmate compassionate release from prison where there exists an "extraordinary and compelling reason" for that release, and it is otherwise appropriate in light of the "applicable Section 3553 factors." United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020). While the statute does not define "extraordinary and compelling" circumstances, courts typically rely upon an inmate's medical condition. Jackson seeks release because he may have high blood pressure, his rehabilitation efforts, and changes in the law.

First, Jackson asserts he may have hypertension. He is correct that, at best, this is a possibility because there are no medical records that he has in fact been diagnosed with hypertension. Even if he does have hypertension, it may be controlled with medication. Whether he does or does not have hypertension is pure speculation and is no basis for his release.

---

[1] Jackson gave notice that he would not file a supplemental motion. (Doc. Nos. 2252).

Second, Jackson argues that extraordinary and compelling reasons exist for his release based upon changes in the law after he was sentenced. This argument fails because Section 401 of the First Step Act does not retroactively apply to defendants who, like Jackson, were sentenced before Fair Sentencing Act took effect on December 21, 2018. See United States v. Wiseman, 932 F.3d 411, 417 (6th Cir. 2019). Moreover, "non-retroactive changes in the law," such as Section 401 cannot be relied upon as 'extraordinary and compelling' explanations for release, regardless of whether the legal changes are offered alone or combined with other personal factors" for compassionate release. United States v. Hunter, 12 F.4th 555m 568 (6th Cir. 2021); United States v. McKinnie, 24 F.4th 583, 589–90 (6th Cir. 2022).

Third, his post-sentence rehabilitation efforts do not justify his release. To Jackson's credit, he has completed a number of programs while in custody, including forklift operation, commercial drivers licensing, advertising, housing options, supply chain management and strategic planning. (Id. at 2–3, 5–6). Notably, he also claims to have "renounced all ties to his past gang life," begun a "journey of being [M]uslim," (Id. at 3), and has the support of his family. (Doc. Nos. 2241, 2242, 2252). Jackson should be proud of his self-improvement. However, "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" Hunter, 12 F.4th at 572 (quoting, 28 U.S.C. § 994(t)); Ruffin, 978 F.3d at 1009 (holding that "rehabilitation alone does not provide a proper basis for relief").

Jackson's Motion for Compassionate Release (Doc. No. 2225) is **DENIED**. Jackson's Motion in Response to Government's Response to Movant's Motion for Compassionate Release (Doc. No. 2248), which the Court construes as a reply in support of Jackson's motion, is **GRANTED**.

2

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE